Eugene FLY, Individually and as Collector of Internal Revenue, Appellant,

v.

W. D. COLE and E. S. Cole,
Appellees.

No. 15254.

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1955.

Meyer Rothwacks, Ellis N. Slack, Joseph F. Goetten, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Jackson, Miss., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for appellant.

Brad B. Bailey, J. C. Floyd, R. B. Deen, Jr., Meridian, Miss., W. H. Sanford, Jr., Philadelphia, Miss., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

By this appeal the question is sought to be presented as to whether the district court erred in refusing to reallocate the partnership interests of the taxpayers' wives, where the percentage interests granted them under a partnership agreement were unreasonably disproportionate to the relationship between their gift capital contributions and the total capital of the partnership.[1]

That question, however, is not presented by the evidence in this case. Appellant's assumption that the question is presented is based on its further assumption that on December 31, 1941, W. D. Cole and E. S. Cole each made a gift to his wife of only $25,000.00 of his capital investment in the partnership, and the latter assumption is not borne out by the evidence.

The evidence discloses that on December 31, 1941, the partnership had total assets of $239,989.75; that $125,000.00 was carried on the books as the total invested capital, and over $100,000.00 was carried as accounts payable to members of the firm, but actually used as working capital. On that day

---

1. Pursuant to Rule 75(d), Fed.Rules Civ. Proc., 28 U.S.C.A., the appellant designated only the following points on which it intended to rely on this appeal:

"1. The Court erred in rendering the final judgment in each of the above cases which was dated and entered November 3, 1953, in that the Court refused to enter judgment in each of the above cases predicated upon reallocation of the partnership interest or earnings for each of the wives as contended by the Defendant.

"2. The Court erred in refusing to reallocate the interest or earnings of each of the wives in the partnership in accordance with the principles enunciated in the case of Weiss v. Johnson [2 Cir.], 206 F.2d 350."

gifts were made to the wives by the husbands. The firm accountant, after examining the articles of partnership, advised them to return each gift for tax purposes at the sum of $25,000.00 and to enter a credit upon the company's books to each wife in such sum. That advice seems to have been the source of the confusion. Actually, each gift consisted of a two-tenths interest in the partnership assets, rather than of the sum of $25,000.00. That is conclusively shown by the legal documents which were the effective instruments of transfer of title. As to the real properties, a deed of that date conveyed to the wives "each a two-tenth (2/10) interest." As to the personal properties, there was no separate bill of sale, but the "Articles of Partnership" entered into on the same date recited:

"(2) By agreement of all parties hereto Mrs. Maude Franks Cole and Mrs. Gwynneth Dunn Cole have now been admitted to said partnership, each owning an undivided two-tenths interest in said partnership."

It follows that the district court did not err as claimed by the appellant, and the judgment is

Affirmed.